UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD DALE SOUTHWELL,

        Petitioner,        Case No. 1:14-cv-44

v.        Honorable Gordon J. Quist

SHIRLEE HARRY,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I. <u>Factual allegations</u>

Petitioner Donald Dale Southwell is currently incarcerated by the Michigan Department of Corrections at the Pugsley Correctional Facility. Following a jury trial in Calhoun County Circuit Court, Petitioner was convicted of operating a motor vehicle while intoxicated, MICH. COMP. LAWS § 257.625. On November 18, 2011, he was sentenced as a third-offense habitual offender, MICH. COMP. LAWS § 769.12, to a prison term of three to ten years.

Petitioner appealed his judgment of conviction and sentence to the Michigan Court of Appeals. In his brief, filed by counsel, Petitioner raised the following five claims:

   I.   THE TRIAL COURT ERRED IN DENYING THE MOTION TO DISMISS THE CHARGES BASED ON JURISDICTIONAL GROUNDS

   II.  THE TRIAL COURT GAVE MISLEADING INSTRUCTIONS ON PROBABLE CAUSE

   III. DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO REQUEST A JURY INSTRUCTION ON THE PEOPLE'S FAILURE TO PRODUCE THE SQUAD CAR VIDEO OF THE STOP

   IV.  THE TRIAL COURT ERRED BY FINDING THAT THE PEOPLE WERE DULY DILIGENT IN THEIR EFFORTS TO LOCATE *RES GESTAE* WITNESSES OFFICER RODNEY MARSHALL

   V.   THE TRIAL COURT ERRED IN SENTENCING DEFENDANT AS AN OWI-THIRD OFFENSE

Additionally, Petitioner filed a *pro per* supplemental brief in which he raised a prosecutorial misconduct claim on the grounds that remarks and conduct of the prosecutor were prejudicial and denied Petitioner a fair and impartial trial. Petitioner also raised a cumulative error claim.

In an opinion entered April 11, 2013, the Michigan Court of Appeals considered and rejected each of Petitioner's claims, including the claims raised in his *pro per* supplemental brief. Petitioner filed a *pro per* motion for reconsideration in the Michigan Court of Appeals, which was denied on May 24, 2013. Petitioner filed an application for leave to appeal in the Michigan Supreme Court raising the same claims he raised in the Michigan Court of Appeals. On September 30, 2013, the Michigan Supreme Court denied leave to appeal.

Petitioner timely filed the instant petition on or about January 14, 2014. In the petition, he raises claims II and V from the brief filed by counsel on direct appeal, the prosecutorial misconduct claim he raised in his *pro per* supplemental brief, and the following new claim:

> I. Ineffective Assistance of Counsel Based on Appointed Counsel's Failure to Represent Substantial Issues, When Motions Were Not Filed for Evidentiary Hearings, Dismissal of Charges: Improper Enhancements; Sentenc[ing] on Inaccurate Information[.]

(Pet., docket #1, Page ID#6.)

Although Petitioner raised an ineffective assistance of counsel claim on his direct appeal, that claim was solely based on trial counsel's failure to request a jury instruction regarding the People's failure to produce the squad car video of the traffic stop of Petitioner's vehicle. Petitioner's ineffective assistance of counsel claim in the instant petition relates to trial counsel's failure to raise "substantial issues" and file certain motions. (*Id.*)

II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's

constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner raised his second through fourth claims for habeas relief in the Michigan Court of Appeals and the Michigan Supreme Court. Thus, the exhaustion requirement is satisfied with respect to these claims. Petitioner, however, did not raise his first claim for habeas relief in the Michigan appellate courts. Consequently, this claim is unexhausted.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. In order to properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Calhoun County Circuit Court. If his motion is denied by the circuit

court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on September 30, 2013. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The

ninety-day period expired on Monday, December 30, 2013. Accordingly, absent tolling, Petitioner would have one year, until Tuesday, December 30, 2014, in which to file his habeas petition.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).[1] Petitioner has more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore a stay of these proceedings is not warranted. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

**Conclusion**

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination

---

[1] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural

bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: February 7, 2014                                                    /s/ Gordon J. Quist
                                                                                  GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE